# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **KENNETH PARKER, et al.,** | ) | |
| | ) | |
|     **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 11-0066-WS-B |
| | ) | |
| **ST. PAUL TRAVELERS, etc.,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

## ORDER

This matter is before the Court on the motion of the defendant[1] to dismiss the claims of plaintiff Cora Clausen. (Doc. 21). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 22, 26, 29), and the motion is ripe for resolution.

Clausen and the other plaintiffs herein sued the defendant's insured in state court in July 2003. Clausen died in September 2005. Default judgment was entered in favor of Clausen in May 2008, without any substitution. This action under the direct action statute was filed in January 2011, naming the deceased Clausen as plaintiff.

The defendant argues that a decedent has no standing to sue and that the Court thus lacks subject matter jurisdiction. (Doc. 22 at 3-5). The defendant further argues that the underlying judgment against its insured is void because Clausen died before its entry. (*Id*. at 5-6).

According to the defendant, while the decedent has no standing to sue, a personal representative does. (Doc. 22 at 3-4). The defendant has thus indirectly invoked Rule

---

[1] The defendant identifies itself as "St. Paul Fire and Marine Insurance Company." (Doc. 21 at 1). The Court expects the parties to resolve among themselves the correct name of the defendant. In the meantime, the name used in the style of the complaint controls.

[1]

17, which requires that "[a]n action must be prosecuted in the name of the real party in interest." The real party in interest is the party with standing to pursue a given claim. *E.g., Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003); *United States v. 936.71 Acres of Land*, 418 F.2d 551, 556 (5th Cir. 1969). The Tenth Circuit has applied Rule 17 to a case brought by a decedent. *Esposito v. United States*, 368 F.3d 1271, 1272, 1277-78 (10th Cir. 2004).

"The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). The defendant correctly notes that the personal representative cannot be substituted into the action under Rule 25 because Clausen died before suit was filed, not after.[2] The defendant has not, however, shown that the personal representative cannot ratify or join the action.

The Rule 17 clock does not begin to run until there has been an objection, which the defendant raised only recently. The Court has not been asked to identify a "reasonable time" by which ratification or joinder by the personal representative must be sought, and it declines to do so sua sponte.

In its reply brief, the defendant switches tacks, arguing that a suit by a decedent is not merely instituted by one without standing but is a "nullity." (Doc. 29 at 4-5). District courts, including this one, ordinarily do not consider arguments raised for the first time on reply.[3] The defendant offers no reason the Court should depart from that rule in this

---

[2] "[T]he rule [Rule 25(a)] contemplates substitution for someone who had been made a party before his death. It is not available to the appellants in this case since [the defendant] predeceased the filing of the action." *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969); *accord Andrews v. Lakeshore Rehabilitation Hospital*, 140 F.3d 1405, 1407 (11th Cir. 1998) ("Rule 25(c) applies only to transfers of interest occurring during the pendency of the litigation and not to those occurring before the litigation begins.").

[3] *See Park City Water Authority v. North Fork Apartments, L.P.*, 2009 WL 4898354 at *1 n.2 (S.D. Ala. 2009) (citing cases from over 40 districts applying the rule in 2009 alone). The (Continued)

case, and the Court declines to do so. At any rate, the *Esposito* Court capably distinguished the defendant's single authority on grounds equally applicable here. 368 F.3d at 1277.

As to the validity of the underlying judgment, plaintiffs' counsel represents that he is in the process of seeking a nunc pro tunc amendment to the judgment to name the personal representative. (Doc. 26 at 2). The defendant announces that this gambit cannot, under Alabama law, be successful, but it provides no legal analysis or authority demonstrating that this must be so. (Doc. 29 at 5-6). The Court declines to delve so deeply into matters of state law, which the able state judge is well equipped to resolve in that forum.

For the reasons set forth above, the defendant's motion to dismiss the claims of Cora Clausen is **denied**.

DONE and ORDERED this 1st day of August, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

Eleventh Circuit follows a similar rule. *E.g., Herring v. Secretary, Department of Corrections*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we have repeatedly admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (internal quotes omitted).

The Court has identified some of the reasons supporting the rule. "In order to avoid a scenario in which endless sur-reply briefs are filed, or the Court is forced to perform a litigant's research for it on a key legal issue because that party has not had an opportunity to be heard, or a movant is incentivized to save his best arguments for his reply brief so as to secure a tactical advantage based on the nonmovant's lack of opportunity to rebut them, this Court does not consider arguments raised for the first time in a reply brief." *Hardy v. Jim Walter Homes, Inc.*, 2008 WL 906455 at *8 (S.D. Ala. 2008).