# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| KENNETH PARKER, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL ACTION 11-0066-WS-B |
| | ) |
| ST. PAUL TRAVELERS, etc., | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter is before the Court on the motion of two personal representatives to ratify, join or be substituted in this action. (Doc. 52). The motion is brought pursuant to Federal Rule of Civil Procedure 17(a)(3). The defendant has filed a response and the movants a reply, (Docs. 57, 58), and the motion is ripe for resolution.

This is an action under Alabama's direct action statute to recover from the defendant, who insured PACO Contractors, Inc. ("PACO"), the defendant in the underlying lawsuit. Cora Clausen and Spencer Dickey were two of several individuals who sued PACO in state court in 2003 for damages to their property allegedly resulting from PACO's work on a drainage project for the City of Mobile. The plaintiffs ultimately obtained default judgments against PACO in 2008, and in 2011 they instituted this action to recover from PACO's insurer.

Clausen died in September 2005, and Dickey died in April 2008. Nevertheless, this action was filed in their names. The instant motion seeks to rectify that situation by joining or substituting the decedents' personal representatives.

The defendant's first response is that, because the underlying judgments were obtained in the names of Clausen and Dickey even though they were then deceased, the judgments are void and cannot be enforced even by the decedents' personal representatives. (Doc. 57 at 1-3). Because, as set forth in the Court's order denying the

[1]

defendant's motion for summary judgment, the defendant has not established that the judgments in favor of Clausen and Dickey are void, its argument against substitution or joinder fails.

The defendant next argues that Rule 17 cannot be employed when suit was initiated in the name of one then deceased, on the grounds that such a suit is a nullity. (Doc. 57 at 4-5). While this may be the correct result under the state law at issue in the single case on which the defendant relies, this case must be decided under the federal rule.[1] The Tenth Circuit has applied federal Rule 17 to a case brought by a decedent, rejecting "nullity" objections in the process,[2] and the defendant has identified no federal authority to the contrary.

The defendant's only remaining objection is that the instant motion was untimely brought. (Doc. 57 at 6-7). "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). Since the defendant never objected to Dickey before the instant motion was filed, no clock as to Dickey could have begun to run.[3] As to Clausen, the defendant argues that the 80 days from the denial of its motion to dismiss until the instant motion was filed falls outside the bounds of a reasonable time. It cites no case and offers no reasoning supporting its position, and it admits the matter is committed to the Court's discretion, which the Eleventh Circuit characterizes as "broad." *Delta Coal Program v. Libman*, 743 F.2d 852, 857 (11th Cir. 1984). In the exercise of that discretion, the Court concludes the instant motion was timely filed.

---

[1] "It is not evident why state law would determine whether a federal action is a 'nullity.'" *In re: Polo Builders*, 374 B.R. 638, 642 n.4 (Bankr. N.D. Ill. 2007).

[2] *Esposito v. United States*, 368 F.3d 1271, 1272, 1277-78 (10th Cir. 2004).

[3] The defendant admits it has been aware of Dickey's demise for over three months. (Docs. 31 at 2; Doc. 57 at 6).

For the reasons set forth above, the motion to ratify, join or be substituted is **granted**. This action shall proceed with Everett Clausen, as the Personal Representative of the Estate of Cora Clausen, and with Elaine Dickey Isler, as the Administrator of the Last Will of Spencer Dickey, as parties plaintiff. The parties' future filings shall reflect this change.

DONE and ORDERED this 21st day of November, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE